JS-6   O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 13-0638-DOC(ANx)          Date: June 24, 2014

Title: ROBERTA ROGERS -v- THE IRVINE COMPANY LLC, ETC., ET AL.

PRESENT:    THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION [14]**

      Before the Court is Defendant The Irvine Company's motion for summary judgment (Dkt. 14). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After reviewing the moving and opposing papers, the Court GRANTS the motion as to the federal claims and declines to exercise supplemental jurisdiction over the remaining state claims. The remainder of the claims in the complaint are therefore DISMISSED without prejudice to Plaintiff re-filing in state court.

      **I.    Background**

      Plaintiff Robert Rogers ("Rogers") brought suit against the Irvine Company for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, violations of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53, violations of the California Disabled Persons Act, Cal. Civ. Code §§ 54-54.8, and negligence. Compl. (Dkt. 1) at 3-6. Rogers has physical disabilities, including paralysis in her legs, that require a scooter for mobility. Compl. ¶ 1. When Ms. Rogers visited a shopping complex owned by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0638-DOC(ANx)            Date: June 24, 2014
                                                                                       Page 2

Irvine Company, the parking lot did not have sufficient handicapped parking places. Compl. ¶¶ 7-10. The lack of sufficient handicapped parking places denied her equal access and caused her difficulty. Compl. ¶¶ 10-11.

       Irvine Company filed the instant motion and submits evidence that there are twenty-eight accessible parking spaces (the required number), and that there are four handicapped accessible parking spaces in front of the store Ms. Rogers frequents. *See* Defendant's Statement of Undisputed Material Fact ("SUMF") ¶¶ 1-3; Hulse Decl. ¶ 4. On this basis, Irvine Company argues that the federal ADA claims are moot and requests that the Court decline to exercise supplemental jurisdiction over the remaining state law claims.

       In her opposition, Ms. Rogers concedes that the federal claim is moot. *See* Opp'n at 1. Ms. Rogers asks the Court to exercise its discretion to retain supplemental jurisdiction over the state claims. *Id*.

## II.     Summary Judgment as to ADA Claim

       In light of Ms. Rogers' conceding that the ADA claim is moot, the Court GRANTS the motion, and the ADA claim is DISMISSED.

## III.    Supplemental Jurisdiction

Under 28 U.S.C. § 1367(c):

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> **(1)** the claim raises a novel or complex issue of State law,
>
> **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> **(3)** the district court has dismissed all claims over which it has original jurisdiction, or
>
> **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0638-DOC(ANx)            Date: June 24, 2014
                                                                                                  Page 3

28 U.S.C. § 1367(c). At a minimum, this Court has discretion to dismiss the remaining state law claims under subsection (3), and possibly under subsection (1) as well.

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). District courts enjoy broad discretion in determining whether to retain jurisdiction over pendent state law claims. *See Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 *supplemented,* 121 F.3d 714 (9th Cir. 1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c).").

After considering the § 1367(c) factors and the *Cohill* factors, the Court finds dismissal appropriate in this case. State court is no less convenient than the instant forum, and it certainly not unduly burdensome or unfair to dismiss a case that, while advanced in stage, has required almost no actual litigation. Comity weighs strongly in favor of dismissal, given the fact that only state law claims remain, and these issues potentially raise important questions of California law. *See Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1130 (S.D. Cal. 2005).

Plaintiff properly urges the Court to carefully consider the principles of judicial economy in determining whether to exercise supplemental jurisdiction. *See Rosado v. Wyman*, 397 U.S. 397, 405 (1970) (noting that the "commonsense policy" supporting pendent jurisdiction is "the conservation of judicial energy and the avoidance of multiplicity of litigation"). The Court disagrees with Plaintiff's conclusion, however. Plaintiff argues that this case is more appropriately heard in federal court because it has been pending here for over a year and the only matter left for adjudication is trial. *See* Opp'n at 3-4. Although the claim has been pending for some time, however, relatively little judicial energy was expended; there was no motion work, no discovery disputes, and almost no filings overall. This is thus not a situation in which significant resources were expended in federal court and dismissal would require a new judge to develop familiarity with a complex factual scenario.

The Court concludes that dismissal is appropriate under 28 U.S.C. § 1367(c)(3), and is warranted under the *Cohill* factors. The Court follows the wise reasoning of its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0638-DOC(ANx)            Date: June 24, 2014
                                                                               Page 4

---

sister courts and dismisses the case. *See Wilson v. Costco Wholesale Corp.*, 426 F. Supp. 2d 1115, 1124 (S.D. Cal. 2006) ("Because the Court has dismissed all claims over which it has original jurisdiction in this matter, the Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims."); *Pickern v. Best W. Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1133 (E.D. Cal. 2002) ("While the court recognizes that litigation of a new suit in state court may create some inconvenience to plaintiff, plaintiff has made no showing of extraordinary or unusual circumstances.").

### IV. Disposition

The Court GRANTS the motion, dismisses the ADA claim WITH PREJUDICE, and DISMISSES the state law claims WITHOUT PREJUDICE to refiling in state court.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                                                          Initials of Deputy Clerk: jcb